FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

05 DEC -6 PM 1: 05

STEPHEN R. LUDWIG CLERK
U.S. DISTRICT COURT
FOR THE NORTHERN DISTRICT
OF INDIANA

BETTY J. CRENSHAW and
RAYMOND E. CRENSHAW, SR.,
    Plaintiffs

Case No.:

**2:05CV440**

-v-

CITY OF EAST CHICAGO, INDIANA, and
Officers JOSE RIVERA #141,
JAMES BLACKWELL #122, JAKE
ZYGMONTOWSKI #146, Lt. WILLIAM
SNYDER #302, individually and as officers of
the East Chicago, Indiana, Police Department,
and CFS BANCORP, INC., *d/b/a* CITIZENS
FINANCIAL SERVICES, FSB,
    Defendants

# COMPLAINT

### Introduction

1.     This is an action for monetary damages brought pursuant to 42 U.S.C. §§ 1983

and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, and

under the law of the State of Indiana, against Officers JOSE RIVERA #141,

JAMES BLACKWELL #122, JAKE ZYGMONTOWSKI #146, and Lt. WILLIAM SNYDER

#302, police officers of the CITY OF EAST CHICAGO, INDIANA, in their individual capacity

and as police officers of the CITY OF EAST CHICAGO, INDIANA; against the CITY OF

EAST CHICAGO, INDIANA; and against CFS BANCORP, INC., *d/b/a* CITIZENS

FINANCIAL SERVICES, FSB.  Jurisdiction is based upon 28 U.S.C. §§1331 and 1343, and on

the pendent jurisdiction of this Court to entertain tort claims arising under state law involving the

same common nucleus of operative facts.

2.      It is alleged that the individual police officer, Defendant JOSE RIVERA #141, made an unreasonable seizure of the persons of BETTY J. CRENSHAW and RAYMOND E. CRENSHAW, SR., violating their rights under the Fourth and Fourteenth Amendments to the United States Constitution, and that this Defendant, with the assistance of other officers of the East Chicago, Indiana, Police Department, named as Defendants herein, assaulted and battered BETTY J. CRENSHAW and RAYMOND E. CRENSHAW, SR.  It is further alleged that these violations and torts were committed as a result of policies and customs of the CITY OF EAST CHICAGO, INDIANA, and at a time when Officer JOSE RIVERA #141 was also employed by and acting under the direction and control of CFS BANCORP, INC., *d/b/a* CITIZENS FINANCIAL SERVICES, FSB.

3.      That the Plaintiff, BETTY J. CRENSHAW, was at all relevant times, fifty-three (53) years of age, the wife of the Plaintiff, RAYMOND E. CRENSHAW, SR., a resident of East Chicago, Lake County, Indiana, of full age and a business invitee of CITIZENS.

4.      That the Plaintiff, RAYMOND E. CRENSHAW, SR., was at all relevant times fifty-eight (58) years of age, the husband of the Plaintiff, BETTY J. CRENSHAW, a resident of East Chicago, Lake County, Indiana, of full age and a business invitee of CITIZENS.

5.      That the Defendant, Officer JOSE RIVERA #141, was at all times relevant to this COMPLAINT twenty-seven (27) years of age, a duly-appointed and acting officer of the Police Department of the CITY OF EAST CHICAGO, INDIANA (as were Officers JAMES BLACKWELL #122, JAKE ZYGMONTOWSKI #146, and Lt. WILLIAM SNYDER #302), who were all acting under color of law, to-wit: under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Indiana and/or the CITY OF EAST

2

CHICAGO, INDIANA, and under the authority of their status as governmental entities or his as a police officer for such City.

6.      That the Defendant, Officer JAMES BLACKWELL #122, was at all times relevant to this COMPLAINT a duly-appointed and acting officer of the Police Department of the CITY OF EAST CHICAGO, INDIANA, acting under color of law, to-wit: under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Indiana and/or the City of East Chicago, and under the authority of their status as governmental entities or his as a police officer for such City.

7.      That the Defendant, Officer JAKE ZYGMONTOWSKI #146, was at all times relevant to this COMPLAINT a duly-appointed and acting officer of the Police Department of the CITY OF EAST CHICAGO, INDIANA, acting under color of law, to-wit: under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Indiana and/or the City of East Chicago, and under the authority of their status as governmental entities or his as a police officer for such City.

8.      That the Defendant, Lt. WILLIAM SNYDER #302, was at all times relevant to this COMPLAINT a duly-appointed and acting officer of the Police Department of the CITY OF EAST CHICAGO, INDIANA, acting under color of law, to-wit: under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Indiana and/or the City of East Chicago, and under the authority of their status as governmental entities or his as a police officer for such City.

9.      That the CITY OF EAST CHICAGO, INDIANA, is a municipal corporation and/or governmental subdivision/entity and the public employer of said Officers JOSE RIVERA

3

#141, J. BLACKWELL #122, JAKE ZYGMONTOWSKI #146 and Lt. WILLIAM SNYDER #302.

10.     That CFS BANCORP, INC., with its principal place of business located at 707 Ridge Road, Munster, Indiana 46410, is the owner of CITIZENS FINANCIAL SERVICES, FSB (CITIZENS), which has a certain office for the conduct of its banking activities which is open to the public located at 2121 East Columbus Drive, East Chicago, Lake County, Indiana 46312, and at all relevant times Defendant Officer JOSE RIVERA #141 was an employee, acting within the scope and under the direction and control of CITIZENS, and with regard to which conduct CITIZENS is liable to BETTY J. CRENSHAW and RAYMOND E. CRENSHAW, SR., under the doctrine of *respondeat superior*.

### Facts

11.     That on the afternoon of February 6th, 2004, at or about 5:00 p.m., the Plaintiffs, BETTY J. CRENSHAW and RAYMOND E. CRENSHAW, SR., were business invitees and lawfully upon the business premises of CITIZENS, 2121 East Columbus Drive, East Chicago, Indiana, 46312, where Officer JOSE RIVERA #141 was working security as an employee of CITIZENS, and serving as an officer of the East Chicago, Indiana, Police Department in full police uniform and wearing his duty jacket with the word "POLICE" emblazoned on the back in large letters.

12.     That at such time and place, and after the Plaintiff, BETTY J. CRENSHAW, had made a savings account deposit and was continuing to transact business with another employee of CITIZENS in the "Lexan" protected, vault-like lobby of the CITIZENS banking lobby, at or about 5:08 p.m., the Defendant, Officer JOSE RIVERA #141, approached said Plaintiff from

4

behind and then accosted, harassed, threatened and battered said Plaintiff by grabbing her right arm, twisting it behind her back, handcuffing her, forcing her from behind toward a chair and using his left knee to kick her right leg from the side at the knee with great force and violence to cause her leg to buckle and go out from under her, thereby resulting in her collapse onto such chair.

13.     That at such time and place, and after observing from his vehicle his wife being accosted, harassed, threatened and battered by the Defendant, Officer JOSE RIVERA #141, the Plaintiff, RAYMOND E. CRENSHAW, SR., entered the CITIZENS lobby, approached said Defendant to implore him not to further harm his wife, who was disabled and in obvious pain and distress.

14.     That at such time and place the Defendant, Officer JOSE RIVERA #141, thereupon set upon the Plaintiff, RAYMOND E. CRENSHAW, SR., and proceeded to accost, harass, threaten and batter said Plaintiff.

15.     That the Defendant, JOSE RIVERA #141, in the course of such occurrence, restrained and with the assistance of other officers who arrived, *infra*, handcuffed the Plaintiff, RAYMOND E. CRENSHAW, SR., who was injured.

16.     That this confrontation was conducted in the full presence of employees and customers of the Defendant, CITIZENS, and in a violent and abusive manner, during the course of which Officer JOSE RIVERA #141 pulled, shoved, twisted, kicked and verbally assaulted and abused the Plaintiffs, BETTY J. CRENSHAW and RAYMOND E. CRENSHAW, SR., with the intent and purpose of injuring, humiliating and embarrassing BETTY J. CRENSHAW and

5

RAYMOND E. CRENSHAW, SR., and causing them great pain, all of which was in the presence of the public generally, the employees of CITIZENS and in the presence of each other.

17.    That while this occurred, another uniformed officer, Officer JAKE ZYGMONTOWSKI #146, arrived and at the direction of the Defendant, Officer JOSE RIVERA #141, assisted Officer RIVERA, who had been dragging the Plaintiff, BETTY J. CRENSHAW, in furtherance of his wrongful conduct, and transported the Plaintiff, BETTY J. CRENSHAW, to the East Chicago, Indiana, Police Department where she was booked and detained.

18.    That while this occurred, another uniformed officer, Officer JAMES BLACKWELL #122, arrived and at the direction of the Defendant, Officer JOSE RIVERA #141, assisted Officer RIVERA in his wrongful conduct and transported the Plaintiff, RAYMOND E. CRENSHAW, SR., to the East Chicago, Indiana, Police Department where he was booked and detained.

19.    That Lt. WILLIAM SNYDER #302, as the Supervising Officer of the Defendants, JOSE RIVERA #141, JAMES BLACKWELL #122 and JAKE ZYGMONTOWSKI #146, approved the detention and arrests of the Plaintiffs in an effort to conceal the wrongful acts and misconduct of officers of the East Chicago, Indiana, Police Department.

20.    That at no time, notwithstanding the fact that the Defendant, JOSE RIVERA #141, was at all relevant times also an employee acting under the direction, authority and control of CITIZENS, did any employee of CITIZENS, or the supervisor of said Defendant, intervene or attempt to intervene and terminate such wrongful conduct on the part of the Defendant, JOSE RIVERA #141, and other officers of the East Chicago, Indiana, Police Department and such wrongful conduct was with the approval, express or implied, of CITIZENS.

6

21.     That the Plaintiffs, BETTY J. CRENSHAW and RAYMOND E. CRENSHAW, SR., were booked, and compelled to submit to fingerprinting and photographing of their person by personnel in the employ of the CITY OF EAST CHICAGO, INDIANA, and its Police Department, with such personnel using facilities present at the City of East Chicago Police Department, which facilities were owned and maintained by the CITY OF EAST CHICAGO, INDIANA, for the use and benefit of its Police Department.

22.     That during the time they were in custody, BETTY J. CRENSHAW and RAYMOND E. CRENSHAW, SR., were initially offered no medical assistance by any of the Defendants or other City of East Chicago police officers, notwithstanding the fact that the Plaintiff, BETTY J. CRENSHAW, was seriously injured and in obviously, grievous pain and discomfort.

23.     That after the passage of some time the Plaintiff, RAYMOND E. CRENSHAW, SR., after begging jail personnel for assistance for his wife, was finally able to prevail upon them to call an ambulance, but he was not allowed to accompany his wife, BETTY J. CRENSHAW, to St. Catherine Hospital.

24.     That after the Plaintiff, BETTY J. CRENSHAW, was transported to St. Catherine Hospital by paramedics a family member brought sufficient funds to the East Chicago City Jail to enable the Plaintiff, RAYMOND E. CRENSHAW, SR., to post bond for his wife and himself.

25.     That as a result of such brutality and the injuries sustained, the Plaintiff, BETTY J. CRENSHAW, had to be hospitalized for several days due to the twisting injury to her right knee, she suffered a coronary incident as a result of such wrongful conduct, is now unable to walk without assistance and she has been permanently injured.

7

26.     BETTY J. CRENSHAW and RAYMOND E. CRENSHAW, SR., were wrongfully arrested and detained without probable cause, and falsely imprisoned and the Defendants, Officers JOSE RIVERA #141, J. BLACKWELL #122, JAKE ZYGMONTOWSKI #146 and Lt. WILLIAM SNYDER #302, attempted to cover their intentional and wrongful misconduct by propounding, through the office of the Prosecuting Attorney for the 31st Judicial Circuit of the State of Indiana, purported and intentionally false charges of disorderly conduct against the Plaintiffs.

27.     That a Special Prosecutor, ROBERT J. GUY, Prosecuting Attorney for White County, Indiana, was appointed pursuant to ORDER of the Superior Court of Lake County, Criminal Division, Room Four, issued in Case No.: 45G04-0404-MC-00182, on April 5th, 2004, to act in such capacity and, after reviewing all reports and documentation submitted by the Defendants, Officers JOSE RIVERA #141, J. BLACKWELL #122, JAKE ZYGMONTOWSKI #146 and Lt. WILLIAM SNYDER #302, and the East Chicago, Indiana, Police Department, found insufficient evidence of a violation by the Plaintiffs, BETTY J. CRENSHAW and RAYMOND E. CRENSHAW, SR., of any criminal statute of the State of Indiana and on August 27th, 2004, reported to the Honorable THOMAS P. STEFANIAK, JR., that he had declined prosecution of the Plaintiffs.

28.     That at no time during the events described above were the Plaintiffs, BETTY J. CRENSHAW and RAYMOND E. CRENSHAW, SR., intoxicated, incapacitated, a threat to the safety of anyone nor had they committed any criminal offense.

29.     That the Defendant, Officer JOSE RIVERA #141, had no warrant for the arrest of the Plaintiffs, BETTY J. CRENSHAW and/or RAYMOND E. CRENSHAW, SR., no probable

cause for the arrest of the Plaintiffs, BETTY J. CRENSHAW and/or RAYMOND E.

CRENSHAW, SR., and no legal cause or excuse to seize the person of the Plaintiffs, BETTY J.

CRENSHAW and RAYMOND E. CRENSHAW, SR.

      30.     That at all times during the events described above, the Defendant, Officer JOSE

RIVERA #141, and other Defendant members of the Police Department of the CITY OF EAST

CHICAGO, INDIANA, were engaged in a joint venture for which they are equally culpable. The

individual officers assisted each other in performing the various actions described and lent their

physical presence and support and the authority of their office to each other during said events

including the approval and ratification of such wrongful conduct. Their actions were committed

with the knowledge of the CITY OF EAST CHICAGO, INDIANA, and its Police Department,

and/or were afterward approved and ratified by them.

      31.     That as a direct and proximate result of the said acts of the Defendants, Officers

JOSE RIVERA #141, JAMES BLACKWELL #122, JAKE ZYGMONTOWSKI #146, and Lt.

WILLIAM SNYDER #302, the Plaintiffs, BETTY J. CRENSHAW and RAYMOND E.

CRENSHAW, SR., suffered the following injuries and damages:

        a.     Violation of their constitutional rights under the Fourth and Fourteenth
              Amendments to the United States Constitution to be free from an
              unreasonable search and seizure of their person;

        b.     Loss of their physical liberty;

        c.     Grievous temporary and permanent physical and emotional injuries, pain,
              illness, sickness, trauma and suffering.

      32.     That the actions of the Defendants, Officers JOSE RIVERA #141, JAMES

BLACKWELL #122, JAKE ZYGMONTOWSKI #146, and Lt. WILLIAM SNYDER #302,

violated the following clearly-established and well-settled federal constitutional rights of BETTY

J. CRENSHAW and RAYMOND E. CRENSHAW, SR.:

      a.      Freedom from the unreasonable seizure of their persons;

      b.      Freedom from the use of excessive, unreasonable and unjustified force against their persons.

33.     That in accordance with *Ind._Code* §34-13-3-8 and in compliance with *Ind._Code*

§34-13-3-10, the Plaintiffs on or about July 30th, 2004, caused a NOTICE OF TORT CLAIM to

be forwarded to the City of East Chicago, Indiana, *via* Certified Mail-Return Receipt Requested,

and thereupon caused to be served Robert A. Pastrick, Mayor, on August 2nd, 2004, at 10:52 a.m.,

Return Receipt Number 7003 1010 0005 0990 2423; Frank Callahan, Corporation Counsel, on

August 2nd, 2004, at 10:50 a.m., Return Receipt Number 7003 1010 0005 0990 2430; L. Felipe

Sanchez, City Attorney, on August 2nd, 2004, at 10:51 a.m., Return Receipt Number 7003 1010

0005 0990 2447; and similarly caused The Indiana Political Subdivision Risk Management Fund

on August 2nd, 2004, at 3:24 p.m., Return Receipt Number 7003 1010 0005 0990 2454, to be

served.

34.     That the only response received to such service was the August 4th, 2004, notice

from the Indiana Political Subdivision Risk Management Fund that the City of East Chicago did

not participate as a member of such Fund.

35.     That notwithstanding service of the NOTICE OF TORT CLAIM upon the City of

East Chicago by service upon its Mayor, Corporation Counsel and City Attorney as aforesaid,

and the requirements imposed upon such political subdivision by *Ind._Code* §34-13-3-11, the

City of East Chicago has never notified the Plaintiffs of its approval or denial of their claims.

## COUNT I
### 42 U.S.C. § 1983 Against Individual Defendants,
### Officers JOSE RIVERA #141, JAMES BLACKWELL #122,
### JAKE ZYGMONTOWSKI #146 and Lt. WILLIAM SNYDER #302

1.-34.   That rhetorical paragraphs 1. through 34. of the Introduction to this COMPLAINT

are incorporated *in haec verba*.

35.      That the Plaintiffs, BETTY J. CRENSHAW and RAYMOND E. CRENSHAW,

SR., claim damages for the injuries set forth above under 42 U.S.C. § 1983 against Defendants,

Officers JOSE RIVERA #141, JAMES BLACKWELL #122, JAKE ZYGMONTOWSKI #146,

and Lt. WILLIAM SNYDER #302, for violation of their constitutional rights under color of law.

## COUNT II
### Assault and Battery Against Individual Defendants,
### Officers JOSE RIVERA #141, JAMES BLACKWELL #122,
### JAKE ZYGMONTOWSKI #146 and Lt. WILLIAM SNYDER #302

1.-35.   That rhetorical paragraphs 1. through 35. of Count I of this COMPLAINT are

incorporated *in haec verba*.

36.      That the Defendants, Officers JOSE RIVERA #141, JAMES BLACKWELL

#122, JAKE ZYGMONTOWSKI #146 and Lt. WILLIAM SNYDER #302, assaulted and

battered the Plaintiffs, BETTY J. CRENSHAW and RAYMOND E. CRENSHAW, SR.

37.      That as a result of this assault and battery, Plaintiffs, BETTY J. CRENSHAW and

RAYMOND E. CRENSHAW, SR., suffered damages.

11

## COUNT III
### False Arrest and Illegal Imprisonment Against Individual Defendants, Officers JOSE RIVERA #141, JAMES BLACKWELL #122, JAKE ZYGMONTOWSKI #146 and Lt. WILLIAM SNYDER #302

1.-37.   That rhetorical paragraphs 1. through 37. of Count II of this COMPLAINT are incorporated *in haec verba*.

38.   That the Defendants, Officers JOSE RIVERA #141, JAMES BLACKWELL #122, JAKE ZYGMONTOWSKI #146 and Lt. WILLIAM SNYDER #302, arrested and illegally imprisoned BETTY J. CRENSHAW and RAYMOND E. CRENSHAW, SR.

39.   That as a result of this false arrest and illegal imprisonment, Plaintiffs BETTY J. CRENSHAW and RAYMOND E. CRENSHAW, SR., suffered damages.

## COUNT IV
### Intentional Infliction of Emotional Distress Against Individual Defendants, Officers JOSE RIVERA #141, JAMES BLACKWELL #122, JAKE ZYGMONTOWSKI #146 and Lt. WILLIAM SNYDER #302

1-39.   That rhetorical paragraphs 1. through 39. of Count III of this COMPLAINT are incorporated *in haec verba*.

40.   That the Defendants, Officers JOSE RIVERA #141, JAMES BLACKWELL #122, JAKE ZYGMONTOWSKI #146 and Lt. WILLIAM SNYDER #302, acted in such a way as to provoke a reasonably foreseeable emotional disturbance and/or trauma to the Plaintiff, BETTY J. CRENSHAW, with the intent to harm said Plaintiff.

41.   That as a result of this false arrest and illegal imprisonment, the Plaintiff, BETTY J. CRENSHAW, suffered damages.

12

## COUNT V
## Intentional Infliction of Emotional Distress Against Individual Defendants,
## Officers JOSE RIVERA #141, JAMES BLACKWELL #122,
## JAKE ZYGMONTOWSKI #146 and Lt. WILLIAM SNYDER #302

1-41.    That rhetorical paragraphs 1. through 41. of Count IV this COMPLAINT are

incorporated *in haec verba*.

42.    That the Defendants, Officers JOSE RIVERA #141, JAMES BLACKWELL

#122, J. ZYGMONTOWSKI #146, and Lt. WILLIAM SNYDER #302, acted in such a way as to

provoke a reasonably foreseeable emotional disturbance and/or trauma to the Plaintiff,

RAYMOND E. CRENSHAW, SR., with the intent to harm said Plaintiff.

43.    That as a result of these actions, Plaintiff RAYMOND E. CRENSHAW, SR.,

suffered damages.

## COUNT VI
## Loss of Consortium Against Individual Defendants,
## JOSE RIVERA #141, JAMES BLACKWELL #122,
## JAKE ZYGMONTOWSKI #146 and Lt. WILLIAM SNYDER #302

1-43.    That rhetorical paragraphs 1. through 43. of Count V of this COMPLAINT are

incorporated *in haec verba*.

44.    That on or about the 6th day of February, 2004, at approximately 5:00 p.m., the

Plaintiff, RAYMOND E. CRENSHAW, SR., was the husband of the Plaintiff, BETTY J.

CRENSHAW, and as such was entitled to the love, affection, companionship, consortium,

services and society of the Plaintiff, BETTY J. CRENSHAW, and as a proximate result of the

aforementioned acts of Defendants, Officers JOSE RIVERA #141, JAMES BLACKWELL #122,

J. ZYGMONTOWSKI #146, and Lt. WILLIAM SNYDER #302, and the injuries thereby

13

inflicted upon the Plaintiff, BETTY J. CRENSHAW, these entitlements have been denied the Plaintiff, RAYMOND E. CRENSHAW, SR., and will be denied to him in the future.

45.     That as a result of these actions, the Plaintiff, RAYMOND E. CRENSHAW, SR., has suffered damages.

**COUNT VII**
**42 U.S.C. § 1983 Against CITY OF EAST CHICAGO, INDIANA**

1-45.   That rhetorical paragraphs 1. through 45. of Count VI of this COMPLAINT are incorporated *in haec verba*.

46.     That prior to February 6th, 2004, the CITY OF EAST CHICAGO, INDIANA, developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in East Chicago, which caused the violation of the Plaintiffs' rights.

47.     That it was the policy and/or custom of the CITY OF EAST CHICAGO, INDIANA, to inadequately and improperly investigate citizen complaints of police misconduct, and acts of misconduct were instead tolerated by the CITY OF EAST CHICAGO, INDIANA.

48.     That it was the policy and/or custom of the CITY OF EAST CHICAGO, INDIANA, to inadequately supervise and train its police officers, including the Defendants, Officers JOSE RIVERA #141, JAMES BLACKWELL #122, JAKE ZYGMONTOWSKI #146, and Lt. WILLIAM SNYDER #302, thereby failing to adequately discourage further constitutional violations on the part of its police officers. The CITY OF EAST CHICAGO, INDIANA, did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

14

49.     That as a result of the above described policies and customs, police officers of the CITY OF EAST CHICAGO, INDIANA, including the Defendants, Officers JOSE RIVERA #141, JAMES BLACKWELL #122, JAKE ZYGMONTOWSKI #146, and Lt. WILLIAM SNYDER #302, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

50.     That the above described policies and customs demonstrated a deliberate indifference on the part of policymakers of the CITY OF EAST CHICAGO, INDIANA, to the constitutional rights of persons within the city of East Chicago, Indiana, and were the cause of the violations of Plaintiffs' rights alleged herein.

**COUNT VIII**
**Liability of**
**CFS BANCORP, INC., *d/b/a* CITIZENS FINANCIAL SERVICES, FSB,**
**under doctrine of *Respondeat Superior***

1.-50.   That rhetorical paragraphs 1. through 50. of Count VII of this COMPLAINT are incorporated *in haec verba*.

51.     That at all relevant times the Defendant, JOSE RIVERA #141, was acting as the employee and/or agent of CITIZENS, within the scope of his employment and under the direction, authority and control of CITIZENS.

52.     That CITIZENS is liable to the Plaintiffs, BETTY J. CRENSHAW and RAYMOND E. CRENSHAW, for the tortious conduct of the Defendant, Officer JOSE RIVERA #141, under the doctrine of *respondeat superior*.

53.     That the tortious conduct of the Defendant, Officer JOSE RIVERA #141, as an employee of CITIZENS, was both outrageous and oppressive, was malicious, was willful and/or wanton, and justifies the imposition of punitive damages against the Defendant, CITIZENS.

**WHEREFORE**, the Plaintiffs pray this Court to:

a.      Award compensatory damages to the Plaintiffs against the Defendants, CITY OF EAST CHICAGO, INDIANA; Officers JOSE RIVERA #141, JAMES BLACKWELL #122, J. ZYGMONTOWSKI #146, and Lt. WILLIAM SNYDER #302, individually and as officers of the East Chicago, Indiana, Police Department; and CFS BANCORP, INC., *d/b/a* CITIZENS FINANCIAL SERVICES, FSB, jointly and severally;

b.      Award punitive damages to the Plaintiffs against the Defendant, CFS BANCORP, INC., *d/b/a* CITIZENS FINANCIAL SERVICES, FSB.

c.      Award reasonable attorney's fees and costs to the Plaintiffs on Counts I and VII of the Complaint;

d.      Award costs of this action to the Plaintiffs; and

e.      For such further relief in the premises as this Court may deem just and proper.

GOODMAN, KATZ & SCHEELE

By: _____

J. MICHAEL KATZ
Indiana Attorney No.:  5084-45
STEPHEN E. SCHEELE
Indiana Attorney No:  19685-45
Attorneys for Plaintiffs,
  BETTY J. CRENSHAW and
  RAYMOND E. CRENSHAW, SR.
9013 Indianapolis Blvd.
Highland, IN 46322
(219) 838-9200 *(ofc.)*
(219) 972-7110 *(fax)*

16

# JURY DEMAND

Plaintiffs, BETTY J. CRENSHAW and RAYMOND E. CRENSHAW, SR., do hereby demand trial by jury.

GOODMAN, KATZ & SCHEELE

By: _____
      J. MICHAEL KATZ
Indiana Attorney No.: 5084-45
STEPHEN E. SCHEELE
Indiana Attorney No: 19685-45
Attorneys for Plaintiffs,
  BETTY J. CRENSHAW and
  RAYMOND E. CRENSHAW, SR.
9013 Indianapolis Blvd.
Highland, IN 46322
(219) 838-9200 *(ofc.)*
(219) 972-7110 *(fax)*

17