UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| BETTY J. CRENSHAW and ) <br> RAYMOND E. CRENSHAW, SR., ) <br>     Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> OFFICERS JOSE RIVERA, #141, ) <br> JAMES BLACKWELL, #122, ) <br> JAKE ZYGMONTOWSKI, #146, ) <br> individually and as officers of the ) <br> East Chicago, Indiana, Police Department, ) <br> and the CITY OF EAST CHICAGO, ) <br> INDIANA, ) <br>     Defendants. ) | CASE NUMBER <br> 2:05-CV-440 PRC |

# OPINION AND ORDER

This matter is before the Court on the Defendants' Motion In Limine [DE 96] filed January 15, 2009, and on Plaintiffs' Response To Defendants' Motion In Limine [DE 100] filed January 30, 2009.

In determining these issues the Court FINDS, ORDERS, ADJUDGES and DECREES:

Federal Rule of Evidence 104 provides, in part: "Preliminary questions concerning . . . admissibility of evidence shall be determined by the Court."

Motions in limine to exclude evidence prior to trial are subject to a rigorous standard of review. Courts may bar evidence in limine "only when evidence is clearly inadmissible on all potential grounds." *Dartey v. Ford Motor Company,* 104 F. Supp. 2d 1017, 1020 (N.D. Ind. 2000). If evidence does not meet this standard, "the evidentiary rulings should be deferred until trial so that questions of foundation, relevance and potential prejudice may be resolved in proper context." *Id*.

The Court reserves the right to change these rulings during the trial should the Court find that the evidence or arguments at trial justify such change.

1. EVIDENCE OF REFERRAL OF THE FACT SITUATION TO A PROSECUTING ATTORNEY (SPECIAL PROSECUTOR) AND OF HIS DECISION TO NOT FILE ANY CRIMINAL CHARGES

RULING: The Motion in Limine is GRANTED on this issue.

This evidence is not relevant to the issues to be determined by the jury in this civil case.

The parties shall not attempt to introduce at trial evidence of referral of the fact situation to the White County Prosecuting Attorney (Special Prosecutor) nor of his decision to not file any criminal charges in court.

This ruling does not necessarily exclude evidence at trial about the familial relationships between Betty J. Crenshaw and Raymond E. Crenshaw, Sr. to Lake County Prosecuting Attorney Bernard A. Carter, statements that may have been made about those relationships, statements that may have been made that Betty Crenshaw and Raymond Crenshaw, Sr. were going to attempt to cause the employment of East Chicago Police Officer Jose Rivera, and possibly of other officers of that department, to be terminated, and statements that may have been made to the effect that criminal charges against one or both of the Crenshaws ultimately might not be filed in court.

2. EXPERT WITNESS EVIDENCE NOT TIMELY DISCLOSED

RULING: The Motion in Limine is GRANTED on this issue.

The parties shall not attempt to introduce at trial expert evidence which was not timely disclosed during the discovery time period in this case.

3. EVIDENCE OF BETTY J. CRENSHAW'S PRE-EXISTING HEALTH CONDITION AND ALLEGED EXACERBATION OF SAME

RULING: The Motion in Limine is DENIED on this issue.

The health condition of Betty J. Crenshaw on the date of the incident, and after

the date of the incident insofar as her health may have been affected by the incident, are relevant to the issue of damages, should the jury find liability on the part of one or more of the Defendants.

4. EVIDENCE OF SETTLEMENT DISCUSSIONS AND OF WILLINGNESS OR UNWILLINGNESS TO ATTEMPT TO SETTLE THIS CASE

RULING: The Motion in Limine is GRANTED on this issue.

Settlement discussions between or among parties and parties' willingness or unwillingness to attempt to settle a case prior to trial normally are not relevant to the issues at trial.

5. EVIDENCE THAT CFS BANK WISHED TO CHARGE A $7.00 FEE TO REPLACE AN ATM CARD OR PIN

RULING: The Motion in Limine is DENIED on this issue.

Evidence that CFS Bank wished to charge Betty J. Crenshaw a fee to replace her ATM card or replace her PIN, as well as the $7.00 amount of the fee, are relevant to the issue of the propriety or impropriety of her conduct and are part of the res gestae.

So ORDERED this 9th day of February, 2009.

/s/ Paul R. Cherry
Hon. Paul R. Cherry
Magistrate Judge
United States District Court
Northern District of Indiana

cc: J. Michael Katz, Attorney for Plaintiffs Betty J. Crenshaw and
Raymond E. Crenshaw, Sr.
Wanda E. Jones, Attorney for Defendants Jose Rivera, James Blackwell,
Jake Zygmontowski, and the City of East Chicago, Indiana